**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN KENDALL MABRY,<br><br>      Plaintiff,<br><br>      v.<br><br>TRUMP RUFFIN COMMERCIAL LLC,<br>d/b/a TRUMP INTERNATIONAL HOTEL<br>LAS VEGAS,<br><br>      Defendant. | Case No. 2:16-cv-58-JCM-CWH<br><br>**ORDER** |

      Presently before the Court is Plaintiff Sean Kendall Mabry's Second Amended Complaint (ECF No. 6), filed on May 25, 2016. Plaintiff, acting pro se, was previously granted leave to proceed *in forma pauperis* (ECF No. 4), and the Court screened his complaint. Subsequently, Plaintiff has acquired representation and is no longer acting pro se (ECF No. 5). Plaintiff's attorney filed the Second Amended Complaint considered here.

      When a Plaintiff proceeds *in forma pauperis*, a complaint will generally be screened pursuant to 28 U.S.C. § 1915A, which provides that the Court must "review . . . a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."[1] Section 1915A does not differentiate between represented and unrepresented plaintiffs with regard to screening, and there is no authority addressing this issue. However, given that the purpose of § 1915A is to prevent defendants from having to respond to frivolous or malicious lawsuits and to conserve judicial resources by dismissing these types of cases at an early stage, the Court typically

---

[1] The language of § 1915A addresses civil actions initiated by prisoners, but has been applied by this Court and many others to apply to non-incarcerated plaintiffs as well. *See Akinro v. United States* 91 Fed. Cl. 650, 657 (2010).

does not screen cases in which the plaintiff is represented by an attorney.  *See Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (stating that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding" (quotation omitted)); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage").  Additionally, in cases in which a plaintiff is represented by an attorney, the attorney's obligations under Rule 11 of the Federal Rules of Civil Procedure substantially reduce the incidence of frivolous claims.

Given that the concerns underlying § 1915A are obviated by the fact Plaintiff is now represented by an attorney, the Court will not enter a screening order on the second amended complaint.  This case will proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

DATED: July 14 , 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge